## No. 13,076.

HEID BROTHERS *v.* CARVER.

(27 P. [2d] 756)

Decided December 11, 1933.

Mr. ARTHUR C. GORDON, Mr. GORDON ALLOTT, for plaintiff in error.

Mr. ALFRED TODD, Mr. EARL T. CARROLL, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff in error company is seeking reversal of a district court judgment recovered against it by the defendant in error Carver for damages claimed on account of breach of contract. The contract was a written one entered into by the company and Carver for sale and delivery by him of a specified amount of alfalfa hay, most of it in stack but some of it then being harvested. The company, having received and accepted a small amount of the hay, undertook to rescind the contract on

two grounds, first that Carver was not the owner of the hay because he had given a chattel mortgage thereon, and secondly that Carver insisted upon including in the hay delivered a large quantity of "mouldy, frozen, black stem, chaffy and unmerchantable hay." Carver's reply denies that the hay was unmerchantable or not of the contract quality. The reply also alleges that the company knew of the chattel mortgage when it signed the contract and made a substantial down payment thereunder; that during the preliminary negotiations the mortgagee expressed to the company full approval of the contract, and waived and released his lien; and that the company consented to having the mortgagee's name appear as joint payee on all checks issued to Carver by the company. Trial was to the court, a jury being waived.

The contract provided that the company was not required to take "any black burned, mouldy or musty alfalfa hay," and also provided that Carver "guarantees that they are the owners of all this alfalfa hay and that same is clear and free of all mortgages, liens, or claims of whatsoever nature."

Under the conflicting evidence herein, the lower court had the right, power and duty to resolve the questions of fact. It resolved them against the company. Having done so, the court could not consistently withhold the judgment it rendered. To do that would ignore the practical situation which was fully known and acquiesced in by both parties at the time they entered into the contract, and which formed the basis of that contract. Testimony as to the contemporaneous conduct of the parties before and at the time of signing the contract tended to prove that the chattel mortgage referred to was considered by them as waived, released and, to all intents and purposes, nonexistent within the true meaning of the contract provision above quoted. With the issues of fact disposed of in favor of Carver, any other view would stultify both parties as well as the court.

Judgment affirmed.

Mr. Chief Justice Adams and Mr. Justice Burke concur.